UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON SAUTNER,

        Plaintiff,                  CASE NUMBER: 05-73252
                                                  HONORABLE VICTORIA A. ROBERTS

v.

FLEETWOOD ENTERPRISES, INC.,
MICHAL ENTERPRISES, INC., d/b/a
WALT MICHALS R.V. CENTER,
and BANC OF AMERICA SPECIALTY
FINANCE, Jointly and Severally,

        Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff Sharon Saunter's Motion for Reconsideration. On May 8, 2007, the Court awarded summary judgment in Defendants' favor on all but one claim.

Plaintiff asks the Court to reconsider its ruling that: (1) Plaintiff's claim of revocation of acceptance against Defendant Fleetwood fails under the Magnuson-Moss Warranty Act; and (2) her claim against Defendant Michal Enterprises fails given a recent ruling by the Michigan Court of Appeals.

Eastern District of Michigan Local Rule 7.1(g) provides for reconsideration if the movant demonstrates a palpable defect by which the court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case. "A 'palpable defect' is a defect which is obvious, clear,

1

unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D.Mich. 2001). "[T[he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3).

On the revocation of acceptance claim, Plaintiff only reasserts arguments which were previously considered and rejected. And, Plaintiff's contention that such a claim can be maintained despite a lack of privity is based solely on Plaintiff's disagreement with the Court's interpretation of case law. Further, Plaintiff simply reiterates the same arguments regarding her claim against Michal Enterprises. Although Plaintiff asserts that the recent case, *Kammeraad v. Auto Sports Unlimited, Inc.*[1], makes clear that she can maintain a claim against Michal Enterprises because the motor home did not conform to her expectations, the Court finds *Kammeradd* inapposite. *Kammeradd* addressed whether the evidence presented at trial supported revocation of acceptance as a remedy for fraudulent and innocent misrepresentation claims; the Court did not address revocation of acceptance when a dealer disclaims all warranties and sells a vehicle "As IS". *Id.* at 4.

For these reasons, the Court is not persuaded that Plaintiff identified a "palpable defect" in its ruling which warrants reconsideration. Thus, Plaintiff's motion is **DENIED**.

---

[1] 2007 WL 189344 (Mich.App. Jan. 25, 2007).

**IT IS ORDERED**.

                                                    s/Victoria A. Roberts
                                                    Victoria A. Roberts
                                                    United States District Judge

Dated: August 2, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 2, 2007.

s/Linda Vertriest
Deputy Clerk

---